1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  TERRELL LOVE,                          No. C 12-6068 JSW

10          Petitioner,

11    v.                         **ORDER TO SHOW CAUSE**

12  RICK HILL, Warden,

13          Respondent.

                                    /

14

15

16       Petitioner Terrell Love, a state prisoner, has filed a petition for a writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

                            **BACKGROUND**

18

19       Petitioner was first convicted by a jury of murder in the first degree, attempted murder,

20  and being an ex-felon in possession of a weapon.  The jury also found that Petitioner personally

    used a firearm in violation of California Penal Code § 12021(a) and inflicted great bodily injury

21  in violation of California Penal Code § 12022.7.  Petitioner admitted the first charged prior

22  conviction pursuant to California Penal Code §§ 667.5(b) and 667(e)(1) and the court struck the

23  second and third prior conviction allegations.

24       On February 23, 2000, the trial court sentenced Petitioner to state prison for 66 years to

25  life: 50 years to life for first degree murder (25 years to life doubled), four years for the personal

26  firearm use enhancement for first degree murder, four years and eight months for attempted

27  murder, 16 months for the personal firearm use enhancement for attempted murder, one year for

28

United States District Court

For the Northern District of California

1  the attempted murder great bodily injury enhancement, and five years for the § 667.5(b) prior

2  conviction.

3       Petitioner filed his original petition for writ of habeas corpus in this Court on October 3,

4  2005 and it was granted on November 4, 2008.

5       On January 5, 2009, the District Attorney filed an amended information accusing Love

6  of one count of murder, one count of attempted murder, possession of a firearm by a felon,

7  personal use of a firearm, in connection with both counts, and infliction of great bodily injury

8  was alleged in connection with the attempted murder count only.  Finally, three prior

9  convictions were alleged, only one of which was designated as a serious felony prior for strike

10 purposes.

11      Petitioner was convicted by a jury of murder in the second degree, attempted murder,

12 and being an ex-felon in possession of a weapon.  All special allegations were found to be true.

13 On July 21, 2009, the trial court sentenced Petitioner to state prison for 61 years to life.

**DISCUSSION**

15   **A.    Legal Standard.**

16      This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

17 custody pursuant to the judgment of a State court only on the ground that he is in custody in

18 violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It

19 shall "award the writ or issue an order directing the respondent to show cause why the writ

20 should not be granted, unless it appears from the application that the applicant or person

21 detained is not entitled thereto."  28 U.S.C. § 2243.

22      Summary dismissal is appropriate only where the allegations in the petition are vague or

23 conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908

24 F.2d 490, 491 (9th Cir. 1990).

25   **B.    Petitioner's Legal Claims.**

26      Petitioner seeks federal habeas corpus relief by raising the following claims: (1) the trial

27 court effectively conditioned the admission of expert gang testimony and instruction on perfect

28 and imperfect self-defense on Petitioner's testifying in violation of Petitioner's Fifth

United States District Court
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1   Amendment right not to testify and Sixth Amendment right to counsel; (2) state appellate

2   counsel failed to provide adequate counsel by failing to present claim that Petitioner's

3   testimony was coerced in violation of Petitioner's Fourteenth Amendment right to effective

4   assistance of counsel; (3) the trial court erroneously instructed the jury on the law of self-

5   defense in violation of Petitioner's Sixth and Fourteenth Amendment rights to a meaningful

6   opportunity to present a defense; (4) the above errors combined to deny Petitioner a meaningful

7   opportunity to present a defense in violation of Petitioner's Sixth and Fourteenth Amendment

8   rights; and (5) state appellate counsel failed to provide adequate counsel regarding retrial of the

9   instant case in violation of Petitioner's Fourteenth Amendment right to effective assistance of

10  counsel.  Liberally construed, the claims appear potentially colorable under 28 U.S.C. § 2254

11  and merit an answer from Respondents.

12                                          **CONCLUSION**

13         For the foregoing reasons and for good cause shown:

14         1.      Petitioner shall serve by certified mail a copy of this Order and the petition and

15                 all attachments thereto upon Respondent.

16         2.      Respondent shall file with the Court and serve on Petitioner, within 60 days of

17                 the date of this Order, an answer conforming in all respects to Rule 5 of the

18                 Rules Governing Section 2254 Cases, showing cause why a writ of habeas

19                 corpus should not be issued.  Respondent shall file with the answer and serve on

20                 Petitioner a copy of all portions of the administrative record that are relevant to a

21                 determination of the issues presented by the petition.

22         3.      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse

23                 with the Court and serving it on Respondent within 30 days of his receipt of the

24                 answer.

25         **IT IS SO ORDERED.**

26  Dated:   May 9, 2013

27                                                          _____
                                                            JEFFREY S. WHITE
28                                                          UNITED STATES DISTRICT JUDGE

3